LABORDE, Judge,
dissenting.
After reviewing the record, I am convinced the jury was clearly wrong in finding Gulf States Utilities to be free from negligence. I would reverse that finding.
I believe that Gulf States Utilities’ duties to install lines so as to reduce hazards and to use the necessary care and prudence to prevent injury at places where others have the right to go for work or pleasure clearly encompass the risks incurred by decedent and Joey, those being death and severe personal injury by electrocution while attempting to raise a television antenna next to a trailer in a trailer park. No public policy will be furthered by allowing Gulf States Utilities to escape liability for its substandard behavior. Although I concede that the utility of electrical services is great and these services necessitate toleration of electrical equipment, in this instance the *1321 foreseeability[1] that people who live in trailers will have television antennae and that such antennae may be raised to heights in excess of the heights of the wires as happened here is equally great. Also great here is the magnitude of harm; persons coming in contact with a 7,500 volt wire are certain to be seriously injured, if not killed. When faced with such high degrees of magnitude of harm and foreseeability, Gulf States Utilities has, at the very least, a duty to explore safer alternatives in providing its highly useful electrical services.[2] This is where the scales tip heavily in favor of plaintiffs. Gulf States Utilities could have insulated or buried the highly energized wire, alternatives which are especially attractive here because of the short distance involved (the width of the trailer park). Gulf States Utilities also could have selected a different route, one that did not run through the trailer park between the trailers. Finally, and at the very least, Gulf States Utilities could have elevated the wire, especially in light of the fact that it knew there would be trailer homes in close proximity.
For these reasons, I respectfully dissent.

. See Thomas v. Gulf States Utilities Co., 128 So.2d 323 (La.App. 1st Cir. 1961) cert. denied.

. See Allien v. Louisiana Power & Light Company, 202 So.2d 704 (La.App. 3rd Cir. 1967).